USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 28, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

BARON UPHOLSTERERS, INC.,                          :
JOANNE DEPALMA, JAMES AMAN,
AMAN & CARSON, INC. and GEORGE         :
CONSTANT,                                                          09 Civ. 9138 (PAC)
                                                                    :
             Plaintiffs,                              ORDER
                                                                    :
   -against-
                                                                    :
PENNSYLVANIA LUMBERMENS MUTUAL
INSURANCE COMPANY,                                 :

             Defendant.                              :

-------------------------------------------------------------x

      HONORABLE PAUL A. CROTTY, United States District Judge:

      Defendant Pennsylvania Lumbermens Mutual Insurance Company ("PLMI") issued an insurance policy to Baron Upholsterers, Inc. ("Baron"). Baron and some of its customers filed a claim for property damages arising out of fire and water damage on November 5, 2007 at Baron's 545 West 45th Street storage facility in New York City. There is no dispute that the policy was in full force and effect at that time; and that the loss is covered by the policy. Both PLMI and Baron engaged adjusters, but they were unable to agree on the value of the damaged property. While the parties and the adjusters were in dispute over valuation, Plaintiffs commenced this action. Defendant now moves for summary judgment dismissing the action and instead enforcing the appraisal provisions of the insurance policy.

      The insurance policy has two provisions applicable to the present suit:

COMMERCIAL PROPERTY COVERAGE PART

….
H ….

**APPRAISAL**

If we and you disagree on the value of the property or the amount of the loss, either may make written demand for an appraisal of the loss.  In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of such demand.  The two appraisers will select an umpire.  If they cannot agree within 15 days upon such umpire, either may request that selection be made by a judge of a court having jurisdiction.  The appraisers will state separately the value of the property and the amount of the loss.  If they fail to agree, they will submit their differences to the umpire.  A decision agreed to by any two will be binding.  Each party will:

    a.  Pay its chosen appraiser; and
    b.  Bear the other expenses of the appraisal and umpire equally.
If there is an appraisal, we will still retain our right to deny the claim.
(Exhibit "S")

The subject policy also contains the following provision, in pertinent part, within its "Commercial Property Coverage" part:

**D.  LEGAL ACTION AGAINST US**

No one may bring a legal action against us under this Coverage part unless:
1.  There has been full compliance with all of the terms of this Coverage Part……

Baron argues that it instituted this action to comply with the policy's two-year limitation, but only after PLMI had failed to conduct good faith discussions on the valuation of the damaged property.  Due to PLMI's inexcusable delay in ascertaining the proper value, Baron urges that the insurer has waived its right to demand an appraisal.

2

While it is undoubtedly true that resorting to the appraisal process might have been had earlier, the passage of time does not disable PLMI from invoking the appraisal process now. In a remarkably similar case, GBC&A. Richardson v. Merrimack Mutual Fire Insurance Co., 2000 WL 297171 (JFK) (S.D.N.Y. 2000), dealing with an almost identical appraisal procedure, Judge Keenan held that the insurance company could invoke the policy's appraisal process after the insured had commenced a lawsuit. There, as here, the insurer had made a settlement offer; and the offer had not been accepted. Further, there was no indication there, as there is none here, that an appraisal is now impossible. See also Peck v. Planet Insurance Company, 1994 WL 381544 (MBM) (July 21, 1994, S.D.N.Y.) (granting summary judgment in favor of insurance company, dismissing plaintiff's action and directing instead utilization of the insurance policy's appraisal process).

Accordingly, the Defendant's motion for summary judgment is GRANTED and the action is dismissed, so that the claims arising out of the occurrence on November 5, 2007 can be determined and decided in accordance with the appraisal process, as set forth in the insurance policy which binds both parties.

The Clerk of the Court is directed to close this case.

Dated: New York, New York
April 20, 2010

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

3